UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARDSTASH SOLUTIONS, LLC,<br><br>                 Plaintiff,<br>v.<br>MARKETFLEET, INC.,<br><br>                 Defendant. | Case No.: 17cv0625-JLS-MDD<br><br>**ORDER GRANTING LIMITED EXPEDITED VENUE DISCOVERY**<br><br>**[ECF NO. 25]** |

On March 28, 2017, Plaintiff Yardstash Solutions, LLC filed a complaint alleging patent infringement and unfair competition against Defendant Marketfleet, Inc. (ECF No. 1). On June 6, 2017, Defendant filed a motion to dismiss for improper venue. (ECF No. 11). On September 29, 2017, as directed by the district judge, Plaintiff filed this motion for venue discovery. (ECF No. 25). Defendant responded in opposition on October 16, 2017. (ECF No. 28). Plaintiff replied on October 23, 2017. (ECF No. 29).

Plaintiff may conduct limited venue discovery, as provided below.

## DISCUSSION

Plaintiff asserts that expedited discovery is necessary to determine whether venue is appropriate in the Southern District of California. An action for patent infringement may be brought "in the district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Title 28, United States Code, Section 1400(b). Here, there is no dispute that Defendant is incorporated in Delaware and has its principal offices in Chico, California, in the Eastern District of California, and San Juan, Puerto Rico. (ECF No. 28 at 4).[1] Accordingly, the only issue regarding venue is whether Defendant has "committed acts of infringement and has a regular and established place of business" in the Southern District of California.

Plaintiff asserts that Defendant generates substantial revenue from selling and shipping infringing products in this District and "reasonably believes that Defendant also runs a place of business" within the District. (ECF No. 25-1 at 3). The district court has determined that venue discovery may be useful in this case and has approved such discovery as may be ordered by this Court. (ECF No. 24). Accordingly, the only issue before this Court is the scope of the discovery to be authorized, not whether the discovery should be authorized.

Plaintiff has supplied 12 interrogatories, 9 requests for admission and 6 requests for production that Plaintiff intends to serve or has served on Defendant regarding venue. (ECF Nos. 25 at 5-17). Among other things, Plaintiff requests that Defendant identify all customers in this District since

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

2

1 January 2015, all business partners or persons conducted business on
2 Defendant's behalf in the District, where Defendant manufactures its
3 allegedly infringing product and shipping ports of the allegedly infringing
4 product. (ECF No. 25 at 5-8). Plaintiff also requests that Defendant produce
5 all documents regarding sales of the allegedly infringing product in this
6 District, shipping of the product in this District, distribution of the product in
7 this District and leasing and ownership of a business office in this District.
8 (ECF No. 25 at 14-17).

      Defendant, for its part, appears to challenge the district court's determination that venue discovery is appropriate. (ECF No. 28). This Court is not in a position to overrule or reverse a superior court. As a consequence of Defendant's likely misunderstanding of the purpose and parameters of this motion, Defendant did not mount a challenge to the scope of the discovery sought by Plaintiff. Consequently, the Court will not rule upon the propriety of each discovery request; rather the Court will determine the scope of discovery that will be allowed, provide an opportunity for Plaintiff to reframe its discovery requests and allow Defendant to object as may be warranted.[2]

      Regarding scope of discovery, a recent opinion from a sister district held, albeit without supporting law or analysis, that the identity of the defendant's in-district customers, the volume of sales to in-district customers, and the presence of a third party distributing defendant's products in-district are all irrelevant to the §1400(b) venue analysis. *Hand Held Prod., Inc., v. The Code Corp.*, Case No. 2:17cv167-RMG *7, 2017 WL 3085859, at *4 (D.

---

[2] Any disputes must be brought before the Court as provided in this Court's Chambers Rules. In the event of a dispute, just to be clear, counsel must meet and confer and, if the matter is not resolved, bring a joint motion before the Court.

S.C. July 18, 2017).  This Court tends to agree that this type of discovery does not aid in determining whether Defendant has a "regular and established place of business" in this District.  A volume of business and a number of customers may not make for a "place of business" under the patent venue statute.  A "place of business" suggests, instead, a physical location or a consistent and regular presence in the District.

Plaintiff is not entitled to venue discovery before the claims accrued. Plaintiff is not necessarily entitled to venue discovery through the present. Accordingly, all discovery requests must be limited in time to the date the claims accrued plus a reasonable time thereafter.

## CONCLUSION

1. Plaintiff's Motion for Expedited Venue Discovery is **GRANTED.**

2. Defendants are **ORDERED** to respond to limited discovery requests by Plaintiffs, as follows:

(a) <u>Discovery Mechanisms</u>:  Plaintiff may serve requests for production, interrogatories, and requests for admission.  Plaintiff may not serve any "contention" requests or interrogatories nor conduct any depositions, unless agreed upon between the parties;

(b) <u>Subjects of discovery</u>:

i. Personnel working in the Southern District of California;

ii. Sales, service, support, maintenance, distribution, shipping, storage or other activities regularly conducted by Defendant in this District or that is conducted by third parties on behalf of Defendant in this District;

iii. Property directly owned by Defendant located in this District;

iv. Sales or business offices, distribution, shipping or storage facilities for Defendant's products, leased or owned by Defendant, or on Defendant's behalf, in this District;

1       (c) <u>Timeframe</u>: The time the claim or claims accrued plus a
2       reasonable time thereafter;
3       (d) <u>Location</u>: Southern District of California.

4 **IT IS SO ORDERED.**

5 Dated: October 26, 2017

6 

7 Hon. Mitchell D. Dembin
   United States Magistrate Judge