# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARDSTASH SOLUTIONS, LLC<br><br>Plaintiff,<br>vs.<br><br>MARKETFLEET, INC., and DOES 1 THROUGH 25, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00385-TLN-AC<br><br>JUDGMENT |
| MARKETFLEET PUERTO RICO, INC.<br><br>Plaintiff,<br>vs.<br><br>YARDSTASH SOLUTIONS, LLC.,<br>Defendants. | Case No.: 2:18-cv-02465- TLN-AC |

Plaintiff YARDSTASH SOLUTIONS, LLC (hereinafter, "Yardstash" or "Plaintiff") commenced the action entitled *Yardstash Solutions, LLC v. Marketfleet, Inc.*, Case No. 18-385 against Defendant MARKETFLEET, INC. (hereinafter, and

collectively with MARKETFLEET PUERTO RICO "Marketfleet"), on 28 March 2017 in the United States District Court for the Southern District of California (the action was assigned Case Number 17-625 in the filing Court), alleging, *inter alia* claims of infringement of Yardstash's Patent D689,579 (hereinafter, the "'579 Patent"). This action shall be referred to hereinafter, as the "Yardstash Infringement Action." The matter was transferred to this Court on 16 February 2018 [Doc. No. 38-1]. Marketfleet filed an answer and counterclaim in this action, alleging that the '579 Patent was invalid [Doc. No. 71].

Plaintiff MARKETFLEET PUERTO RICO, INC. (hereinafter and collectively with MARKETFLEET, "Marketfleet" or "Defendants") commenced the action entitled *Marketfleet Puerto Rico, Inc. v. Yardstash Solutions, LLC*, Case No. 18-112 action against Plaintiff, on 26 February 2018 in the United States District Court for the District of Puerto Rico. This action shall be referred to hereinafter, as the "Marketfleet Invalidity Action." The matter was transferred to this Court on 31 August 2018 [Doc. No. 15].

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

1. Pursuant to the Settlement Agreement, all Parties to this action, by and through their respective attorneys, hereby stipulate that this Court enters the following judgment and permanent injunction against Defendants.
2. All claims, counter-claims, and defenses asserted in the above-captioned action, including any pending motions are deemed to be finally, conclusively, and forever resolved on the terms stated herein and this judgment shall have full *res judicata* effect.
3. The '579 Patent and each and every claim thereof is good and valid in law.
4. The '579 Patent was obtained by Yardstash from the United States Patent and Trademark Office in good faith.

5. Plaintiff Yardstash is possessed of the entire right, title, and interest in and to said '579 Patent, together with the right to sue for and collect for damages for past infringement thereof and has been possessed thereof continuously since the issuance of said '579 Patent.

6. Plaintiff Yardstash is entitled to recover judgement in its favor and against Defendants, including damages and attorney fees.

7. Damages are awarded in favor of Yardstash and against Marketfleet, jointly and severally in the total amount of ONE HUNDRED THOUSAND dollars ($100,000.00).

8. Attorney Fees in favor of Yardstash and against Defendants, are awarded in the amount of EIGHTY-SEVEN THOUSAND, SIX-HUNDRED dollars ($87,600.00).

9. Pursuant to the Settlement Agreement, all Parties to this action, by and through their respective attorneys, hereby stipulate that this Court STAYS the enforcement of the above-mentioned damages and attorney fees including any judgment enforcement, and post-judgment discovery.

10. All Parties to this action, by and through their respective attorneys, hereby stipulate that this Court may only lift the stay by showing of good cause to the Court Pursuant to the terms and conditions of the Settlement Agreement.

11. A Permanent Injunction is entered against Defendants by separate Order.

**IT IS SO ORDERED**

Dated: August 1, 2019

_____
Troy L. Nunley
United States District Judge